IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| SYREETA GUMBS, | ) |
|  | ) |
|  | )  Civil No. 2011-129 |
|  | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) |
| CBI ACQUISITIONS, LLC, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

## **ORDER**

The parties were before the Court for a conference on May 1, 2013 in connection with CBI's motion to compel [DE 57]. Since the motion was filed, plaintiff supplemented her responses to interrogatories and document requests and the scope of the issues in the original motion was narrowed through such supplementation and further discussion. In accordance with those discussions, it was agreed as follows:

1.  Interrogatory No. 4:  Plaintiff supplemented her response and will continue to supplement with any other available information concerning plaintiff's income since 2009.

2.  Interrogatory No. 9:  Plaintiff agreed to supplement her response by May 10, 2103, either stating the date she applied for work at Tickles or stating that she does not recall the date, and supplying information concerning any applications made for work other than at Tickles.

3.  Document Request No. 1:  Plaintiff produced the records available to her and will supplement by producing any other employment-related records not yet produced.  In addition, defendants requested and/or subpoenaed documents from employers identified by plaintiff.   In the event defendants require plaintiff's assistance to ensure her employers' compliance, plaintiff will cooperate accordingly.

4.  Document Request No. 2:  Plaintiff agreed to supplement this response by May 10, 2013.

5.  Document Request No. 3:  Plaintiff will supplement her response with any records for the period 2006-2008.

*Gumbs v. CBI Acquisitions, LLC, et al.*
Civil No. 2011-129
Page 2

      6.      Document Request No. 6:   Plaintiff stated she fully responded to this request.

      7.      Document Request No. 7:   Plaintiff will supplement this response with any of the listed documents in her possession that do not constitute attorney work product.

      8.      Plaintiff agreed to execute and deliver the insurance company authorization.

With respect to the remaining issues raised in the motion to compel, the premises considered, it is hereby ORDERED:

      1.      Plaintiff shall execute and deliver an authorization for the production of any criminal records associated with plaintiff. While defendants have not articulated a basis for believing that after-acquired evidence exists (*see, e.g., Chamberlain v. Farmington Sav. Bank*, 2007 U.S. Dist. LEXIS 70376, at *7 (D. Conn. Sept. 25, 2007) ("The court finds that the defendant cannot use the after-acquired evidence defense to conduct extensive discovery . . . on the basis of pure speculation"), information concerning any criminal history may lead to evidence pertinent to plaintiff's credibility.

      2.      Document Request Nos. 18 and 20:   The parties submitted supplemental briefing on the issues of the discoverability of the social media sought in No. 18, and the right to the authorizations for the release of bank records and credit records sought in No. 20.

      a.      <u>Social media.</u> The obligation to produce social media records or access is neither as narrow as proffered by plaintiff ("the Defendant is not entitled to social networking data"), nor as broad as that sought by defendants. Discovery of social media is guided by the same principals as discovery generally. However, "the challenge is to 'define appropriately broad limits . . . on the discovery ability of social communications.'" *Offenback v. L.M. Bowman, Inc.*, 2011 U.S. Dist. LEXIS 66432, at *9 (M.D. Pa. June 22, 2011) (quoting *EEOC v. Simply Storage Mgmt.*, 270 F.R.D. 430 (S.D. Ind. May 11, 2010)). Indeed, "[t]he fact that the information defendants seek is in an electronic file as opposed to a file cabinet does not give them the right to rummage through the entire file." *Howell v. Buckeye Ranch, Inc.*, 2012 U.S. Dist. LEXIS 141368, at *3 (S.D. Ohio Oct. 1, 2012) (employment discrimination-sexual harassment); *see Holter v. Wells Fargo & Co.*, 281 F.R.D. 340, 344 (D. Minn. 2011)(disability discrimination case under Minnesota law; "While everything that is posted on a social media website is arguably reflective of a person's emotional state[,] [t]his Court would not allow depositions of every friend and acquaintance to inquire about every conversation and interaction with plaintiff. So too, the Court will not require plaintiff to produce all information from all her social media websites to obtain similar information."); *Rozell v. Ross-Holst*, 2006 U.S. Dist. LEXIS 2277, at *11 (S.D.N.Y. Jan. 20, 2006) ("To be sure, anything that a person says or does might in some theoretical sense be reflective of her emotional state. But that is hardly justification for requiring the production of

*Gumbs v. CBI Acquisitions, LLC, et al.*
Civil No. 2011-129
Page 3

every thought she may have reduced to writing or, indeed, the deposition of everyone she may have talked to.").

Courts appear to be in agreement that plaintiff's counsel bears the responsibility to review social media content and produce any relevant information.  *See Rozell*, 2006 U.S. Dist. LEXIS 2277, at *11-12 (stating "counsel for the producing party is the judge of relevance in the first instance" and "[in camera] review is ordinarily utilized only when necessary to resolve disputes concerning privilege; it is rarely used to determine relevance"); *Howell,* 2012 U.S. Dist. LEXIS 141368, at *3 ("Defendants are free to serve interrogatories and document requests that seek information from the accounts that is relevant to the claims and defenses in this lawsuit. Plaintiff's counsel can then access the private sections of Howell's social media accounts and provide the information and documents responsive to the discovery requests.").   "The Court trusts that plaintiff's counsel, as an officer of the Court, will review social media content and communications and produce any relevant information."   *Holter*, 281 F.R.D. at 344 (citing *Simply Storage*).

b.    <u>Banking and credit records authorizations.</u>   Plaintiff did not address this issue further in her supplemental filing, but defendants argue that such authorizations are necessary to discover "plaintiff's financial income information," and to determine, among other things, "how Gumbs spent her money, and what recreational or vacation activities she engaged in before and after she allegedly suffered the purported discrimination at issue."   As to the first issue, other discovery already propounded would appear to be more directly calculated to discovering plaintiff's income, than the speculatively roundabout way such income might be discerned from banking records.   And, although arguably credit records might show some indications of "lavish" or "outdoor-oriented vacations" that might undermine a claim of "diminution in her ability to enjoy life," wholesale access to plaintiff's credit information through an open authorization does not appear proportional to the potential benefit to be derived from such a fishing expedition.   Thus, subject to renewing the request should other discovery, such as a deposition, indicate that it would likely be fruitful, the request for these authorizations will be denied.

Finally, In accordance with the Court's directive, the parties conferred on a proposed modified schedule.   The premises considered, it is hereby ORDERED that the parties shall adhere to the following schedule:

1.    Fact discovery shall be completed by August 15, 2013.

2.    Mediation shall be commenced by September 1, 2013.

*Gumbs v. CBI Acquisitions, LLC, et al.*
Civil No. 2011-129
Page 4

      3.      Plaintiff's IME and any other Rule 35 evaluations shall be completed by October 1, 2013.

      4.      Plaintiff shall identify expert witnesses, and produce any expert reports and other information required by Federal Rule of Civil Procedure 26(a)(2) produced, no later than October 15, 2013.

      5.      Defendants shall identify expert witnesses, and produce any expert reports and other information required by Federal Rule of Civil Procedure 26(a)(2) produced, no later than December 15, 2013.

      6.      All expert discovery shall be completed by February 15, 2014.

      7.      All dispositive or *Dabuert* motions shall be filed by April 1, 2104.

      8.      Pretrial and trial dates shall be established by the presiding judge.

**Dated:** June 19, 2013                          S\_____
                                                                    **RUTH MILLER**
                                                                    United States Magistrate Judge